F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUN 10 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DONALD A. COOPER,

      Plaintiff-Appellee,

v.

TOWN OF BAR NUNN, WY,

      Defendant,

and

CHARLES ANDERSON, individually
and in his official capacity as Bar
Nunn Fire Chief,

      Defendant-Appellant.

No. 03-8035
(D.C. No. 02-CV-1072-B)
(D. Wyo.)

---

**ORDER AND JUDGMENT**  *

---

Before **EBEL** , **ANDERSON** , and **BRISCOE** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Charles Anderson, Fire Chief for the Town of Bar Nunn, Wyoming, has filed an interlocutory appeal from the district court's denial of qualified immunity in a 42 U.S.C. § 1983 action. Donald A. Cooper filed the civil rights complaint alleging defendants Anderson and Bar Nunn violated his First Amendment free speech rights when Anderson suspended and ultimately terminated him as a fireman in retaliation for his speaking about matters of public health and safety. Anderson filed a motion for summary judgment alleging he was entitled to qualified immunity. In a thorough, well-reasoned opinion, the district court denied that motion. *See Cooper v. Town of Bar Nunn*, 257 F. Supp. 2d 1363 (D. Wyo. 2003). Anderson appeals, and we affirm.

"The denial of a summary judgment motion ordinarily is not an appealable final order." *Bass v. Richards*, 308 F.3d 1081, 1086 (10th Cir. 2002). Thus, we ordered Anderson to show cause why his appeal should not be dismissed for lack of jurisdiction. A district court's denial of qualified immunity "is subject to appeal, however, when the defendants are public officials asserting a qualified immunity defense and the appealed issue is whether a given set of facts establishes that defendants violated clearly established law." *Id*. Interlocutory immunity appeals are limited to purely legal challenges, and may not turn on

questions of evidentiary sufficiency. *See id*. Anderson argues that he is entitled to qualified immunity under the plaintiff's version of the facts, and his appeal focuses on the legal issues of whether plaintiff's speech touched on a matter of public concern and whether it was outweighed by the government's interest in promoting efficient governmental services, *see Gardetto v. Mason*, 100 F.3d 803, 811 (10th Cir. 1996) (identifying these as legal questions), and whether the constitutional right he allegedly violated was clearly established; thus, we conclude that we have jurisdiction to hear this appeal, *see DeAnzona v. City & County of Denver*, 222 F.3d 1229, 1233 (10th Cir. 2000) ("If the defendant argues that [he] is entitled to qualified immunity under the plaintiff's version of the facts because the plaintiff has not demonstrated a violation of clearly established law, this Court may properly exercise jurisdiction over an interlocutory appeal."). "We review the denial of a summary judgment motion raising a qualified immunity defense de novo." *Hulen v. Yates*, 322 F.3d 1229, 1236 (10th Cir. 2003).

The district court opinion recites the relevant facts; thus, we only briefly repeat them here. The Bar Nunn Fire Department conducted a prescribed burn on a local ranch as a training exercise. Plaintiff was a member of the Bar Nunn Fire Department and was an experienced wildland firefighter. Neither plaintiff nor Anderson attended the burn. At the next Fire Department meeting, the firefighters had an open forum to discuss and critique the burn. At the critique,

plaintiff asked if the firefighters had obtained a site-specific weather forecast and was told they had not. He asked if the burn had performed as expected and was told no fire behavior predictions had been calculated. He asked who in the room had previous experience with prescribed burns, and only one or two Fire Department members had. As the meeting concluded, plaintiff approached Bar Nunn's Assistant Fire Chief, Charles Johnson, and told him he was amazed at how they had conducted the burn; that they were fortunate there had been no injuries or problems; that the burn had been an unnecessary risk; and that the department should use plaintiff as a resource if it wished to conduct future prescribed burns. Their conversation became loud.

Several days later, Anderson, who had not been at the critique, summoned plaintiff to the fire station and told him he had heard complaints about plaintiff's behavior at the meeting. Anderson immediately suspended plaintiff from the Fire Department, stating he needed to investigate the matter, and warned plaintiff he was subject to arrest for trespassing if he set foot in the station or answered any fire calls. According to plaintiff, no Bar Nunn official ever told him he was off suspension. A little over one year later, Anderson sent a letter to plaintiff stating he was terminated from the Fire Department "[d]ue to our inability to resolve the problem of the disruption that occurred last year at the critique of the training exercise." Aplt. App. at 62. Plaintiff then initiated this suit.

-4-

It is well-established that a government employer "cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression." *Connick v. Myers*, 461 U.S. 138, 142 (1983). It is also "amply clear" that "public employee speech alleging a danger to public health or safety is protected by the First Amendment." *Lee v. Nicholl*, 197 F.3d 1291, 1296 (10th Cir. 1999). We evaluate whether a public employee's speech is constitutionally protected under the four-step test derived from *Connick* and *Pickering v. Board of Education*, 391 U.S. 563 (1968). *See Gardetto*, 100 F.3d at 811. First, we "must determine whether the employee's speech can be 'fairly characterized as constituting speech on a matter of public concern.'" *Id.* (quoting *Connick*, 461 U.S. at 146). Second, if it can, we must then "balance the employee's interest, as a citizen, in commenting upon matters of public concern against 'the interest of the State, as an employer, in promoting the efficiency of the public service[s] it performs through its employees.'" *Id.* (quoting *Pickering*, 391 U.S. at 568). As noted above, these first two questions are legal in nature and are for the court to resolve. *See id.* It is for a jury to resolve the remaining two factual questions: whether plaintiff's protected speech was a substantial or motivating factor in the adverse employment decision, and, if so, whether the employer would have made the same employment decision in the absence of the protected speech. *See id.*

The district court found that plaintiff's speech touched on matters of sufficient public concern to merit constitutional protection, specifically speech alleging a danger to public health or safety. *See Cooper*, 257 F. Supp. 2d at 1370. Anderson argues on appeal that this finding was erroneous, asserting that none of plaintiff's comments were matters of public concern, but rather were merely matters of personal curiosity to him as a fireman. We agree, however, with the district court that plaintiff's comments evidenced a concern for the safety of the public, both in content and in the context of a public meeting called to critique the burn. *See Lee*, 197 F.3d at 1295 (examining content and context of speech to conclude it was related to public safety and was motivated by public concern). Anderson argues that, because plaintiff was not present at the burn, his comments did not "sufficiently inform the issue as to be helpful to the public in evaluating the conduct of the government." *Id*. We disagree. Plaintiff's questions and comments informed the public that the Bar Nunn firefighters had lit the prairie without first obtaining predictions of fire behavior, fire travel speed, fire intensity or a site-specific weather forecast, and that almost none of the participants had experience with prescribed burns. Given plaintiff's experience as a firefighter and his particular experience with wildland fires, his questions and comments sufficiently informed the issue of the government's adherence to safety procedures during the burn exercise to be helpful to the public, even though he

was not present at the burn. *See Belcher v. City of McAlester*, 324 F.3d 1203, 1208 n.6 (10th Cir. 2003) (noting that firefighter's viewpoints about proposed purchase of a truck might be valuable to public, which lacked his expertise).

The district court next found that the government's interest in regulating his speech to maintain an efficient workplace did not outweigh plaintiff's interest in the protected speech. Anderson contends this finding was in error because plaintiff's argument with Charles Johnson and his subsequent failure to participate in Department meetings and training activities disrupted the official functions of the Fire Department. This latter argument is based on Anderson's assertion, contradicted by plaintiff, that he reinstated plaintiff shortly after the suspension and terminated him because plaintiff failed to attend Department meetings and activities. As discussed above, however, we must accept plaintiff's version of the facts in this interlocutory immunity appeal. We conclude, for the reasons stated by the district court, that there is little or no evidence that plaintiff's questions and comments impaired discipline or co-worker harmony in the Fire Department. *See Cooper*, 257 F. Supp. 2d at 1371 (noting evidence that plaintiff did not disrupt the critique meeting in any way, and that all Department members other than Johnson were willing to work with plaintiff). Anderson failed to show that regulating or restricting plaintiff's speech was "necessary to

prevent the disruption of official functions or to insure effective performance by the employee." *Gardetto*, 100 F.3d at 815 (quotation omitted).

Finally, Anderson contends plaintiff failed to show a violation of a clearly established constitutional right. He argues that plaintiff's speech was not constitutionally protected because it was not based on plaintiff's personal knowledge of the prescribed burn, and he contends there is no clearly established law discussing the level of personal knowledge required to give speech protected status. His argument is not supported by law or fact. Anderson cites *Mekss v. Wyoming Girls' School*, 813 P.2d 185 (Wyo. 1991), which does not hold, as he contends, that speech is not entitled to constitutional protection if it is not based on the employee's personal knowledge. Although the court in *Mekss* questioned whether an employee's unsubstantiated accusation touched on a legitimate matter of public concern under *Connick*, 461 U.S. at 146, the court ultimately assumed for the sake of argument, without deciding the issue, that the speech met the public concern test. 813 P.2d at 197-98. Moreover, plaintiff did not make unsubstantiated accusations; rather, he asked questions about the conduct of the prescribed burn, and, when the responses to his questions indicated a failure to follow safety procedures, expressed his resulting safety concerns to Charles Johnson. As noted above, it is clearly established in this circuit that "public employee speech alleging a danger to public health or safety is protected by the

First Amendment," s *ee Lee* , 197 F.3d at 1296, and, under *Connick,* plaintiff's speech did touch on a legitimate matter of public concern.  Thus, under plaintiff's version of the facts, the district court correctly ruled that Anderson violated clearly established law.

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge